IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
FILED
JUL 0 6 1999
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| REYNALDO G. AMADOR, et al. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-222 |
| | § | |
| FLEET MORTGAGE CORP., et al. | § | |

**MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pending before this court is Defendant's Texas Commerce Bank Motion To Dismiss. (Docket No. 103). Due to a clerical error, Texas Commerce Bank was omitted from the Magistrate Judge's Report and Recommendation of June 24, 1999. For the reasons set forth below, Texas Commerce Bank's Motion should be GRANTED.

**FACTUAL BACKGROUND**

The following factual summary is drawn from the Plaintiff's Fourth Amended Complaint. (Docket No. 61).

The various named Plaintiffs in this case entered into mortgage loans secured by a deed of trust lien on their residences and homesteads. These mortgage loans were allegedly made or subsequently purchased by Defendant Texas Commerce Bank. The Plaintiffs allege that they have been discriminated against because of their race, color, religion, sex, handicap, familial status, or national origin. The basis of their discrimination claim arises from the Defendant allegedly having fraudulently induced members into residential real estate transactions, unlawfully collected amounts of unearned, prepaid charges, and unlawfully foreclosed security interest in the Plaintiff's real property.

## DEFENDANT'S MOTIONS

The Defendant's Motion to Dismiss is predicated on the Plaintiffs' failure to plead with specificity as required by this court's Order of October 14, 1998. (Docket No. 55). On September 25, 1998, this court conducted a hearing on several Defendants' Motions for More Definite Statement and Fleet Mortgage's Motion for Summary Judgment. (Docket No. 51). At the hearing, this court granted the Defendants' motions and directed counsel to file a Fourth Amended Complaint with the following proviso: (1) to specifically plead the issue of fraud; (2) to provide the loan numbers in question; and (3) to specifically identify the nexus between each Plaintiff and the Defendant lender by including, but not limited to, such information as loan numbers. (Docket No. 83, Transcript of September 25, 1998 hearing). An Order in conjunction with this hearing was entered on October 14, 1998. (Docket No. 55).

The Plaintiffs' Fourth Amended Complaint in this case fails to comply with this court's Order and instruction. Furthermore, on March 29, 1999, during a hearing on the instant pending motions, Plaintiff's counsel indicated he did not oppose the Defendants' Motions.

## RECOMMENDATION

Despite ample opportunity and fair warning by this court, the Plaintiffs' have failed to comply with this court's Order of October 14, 1998. Accordingly, Texas Commerce Bank's Motion to Dismiss should be granted pursuant to FED. R. CIV. P. 9(b), 12(b)(6), and 12(e) and the Plaintiffs' case be dismissed.

FED. R. CIV. P. 9(b) requires the Plaintiffs to plead fraud with particularity. FED. R. CIV. P. 9(b). "Directly put, the who, what, when and where must be laid out before access to the discovery process is granted..." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997), *cert. denied,* 118 S.Ct. 412 (1997). However, in the instant case, the Plaintiffs'

complaint is written in the garrulous style that Rule 9(b) seeks to undermine. *Williams,* 112 F.3d at 178. Rather than plead with particularity as to each Defendant, the Plaintiffs group all Defendants together and make vague and conclusory allegations.

 FED. R. CIV. P. 12(b)(6) requires dismissal of a claim if the Complaint lacks factual allegations supporting any element necessary for the plaintiff to recover on its claim. FED. R. CIV. P. 12(b)(6); *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). The plaintiff must plead specific facts, not merely conclusory allegations, bald assertions or conclusions of law. *Bonton v. Archer Chrysler Plymouth, Inc.*, 899 F. Supp. 995 (S.D. Tex. 1995). In the case at hand, the Plaintiffs make generalized discrimination claims which are based on unidentified loan transactions. As to the fraud claim, Plaintiffs fail to identify the specific Plaintiffs who received the alleged misrepresentation, the specific communications, the place, date or speaker of any alleged communications. Further, Plaintiffs' conspiracy claims are equally defective as the Plaintiffs fail to specify the members of the alleged conspiracy, their object, the nature of the agreement and any factual allegations supporting an inference of a conspiracy. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (listing essential elements of a claim for Texas civil conspiracy).

 FED. R. CIV. P. 12(e) authorizes a court to order a more definite statement where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). The rule further allows the court to strike the pleading to which the motion was directed or make such as it deems just, including dismissing the case. FED. R. CIV. P. 12(e); *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). The above numbered cause has been pending in this court for two years. During this time, the court has given the Plaintiffs ample opportunity, four occasions to be exact, to adequately

discover and plead the facts and causes of action set forth in their Complaint. Plaintiffs have failed to properly plead their causes of action and follow this court's Order. Accordingly, Plaintiffs' Fourth Amended Complaint should be struck and the case be dismissed.

IT IS THEREFORE RECOMMENDED that the Defendant's Motions to Dismiss be GRANTED and Plaintiffs' case as to Texas Commerce Bank be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 6th day of July 1999.

_____
John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com