146

United States District Court
Southern District of Texas
ENTERED

FEB 09 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO G. AMADOR, ET AL<br>Plaintiffs.<br><br>v.<br><br>FLEET MORTGAGE CORP.,<br>CHARLES A. BROWN, INDIVIDUALLY,<br>AND D/B/A BROWN & SHAPIRO, ET AL,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>B-97-222 |

——AND——

| | | |
|---|---|---|
| REYNALDO G. AMADOR, ET UX<br>Plaintiffs.<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>B-99-059 |

**ORDER GRANTING LIMITED DISCOVERY & SETTING HEARING**

On the 6th day of January, 2000, came for consideration in Civil Action No. B-97-222 Defendant Temple-Inland Mortgage Corporation's Application for Attorney's Fees, alternative Motion for Limited Discovery, alternative Motion for Reconsideration of Final Judgment, and alternative Motion to Sever Counterclaims (docket no. 140); and in Civil Action No. B-99-059, Defendant Federal Home Loan Bank Board's ("FHLBB") Motion for Sanctions (docket no. 3). Movants and Plaintiffs in both civil actions appeared by and through their attorneys of record. Movants' attorneys announced ready. Plaintiffs' attorney stated he had no objection to proceeding with the hearing in Civil Action No. B-97-222, and announced ready in Civil Action No. B-99-059. The Court proceeded to hear the arguments of counsel. During said arguments, the Court reviewed documentary evidence, including, without limitation: Mr. Gest's July 17, 1998 letter to Plaintiffs' attorney regarding Civil Action No. B-97-222; the Motion for

Summary Judgment and accompanying exhibits of the defendant in Cause No. 98-35378, Ray Allen Hollis, et ux v. FNMA, 127th District Court of Harris County, Texas (filed therein on or about November 16, 1999); and, Defendant FHLBB's Motion for Sanctions and accompanying exhibits, Plaintiffs' Response thereto (docket no. not filed), Defendant FHLBB's Reply to Plaintiffs' Response to the Defendant's Motion for Sanctions and accompanying exhibits (docket no. 8), and Defendant FHLBB's Motion for Summary Judgment and accompanying exhibits (docket no. 7) in Civil Action Bo. B-99-059. The Court also takes note of the other matters filed in both causes, the other hearings in Civil Action No. B-97-222 before the undersigned Magistrate, the fact that Plaintiffs in Civil Action No. B-97-222 did not file a response to the Application for Fees and related alternative motions, and the fact that the Plaintiffs in Civil Action No. B-99-059 did not file a response to Defendant FHLBB's Motion for Summary Judgment in Civil Action No. B-99-059. The Court finds and is of the opinion that the Final Judgment of July 19, 1999 in Civil Action No. B-97-222 (docket no. 137) does not dispose of all parties and claims, namely, Temple-Inland Mortgage Corporation's ("TIMC") Counterclaim and requests for its attorney's fees (paragraph VI of said Defendant's Original Answer and Counterclaim (docket no. 140); and that a portion of the relief sought by Defendant TIMC is appropriate and should be granted in both of the above-styled Civil Actions. Accordingly,

IT IS ORDERED that Defendant's Motion for Limited Discovery is GRANTED. On or before January 27, 2000, Plaintiffs' attorney, Jerome K. Wade, shall provide Defendants' attorneys in both Civil Actions, Darrell D. Gest and Robert Mowrey, in writing, with ten (10) dates prior to March 16, 2000 (excluding Saturdays, Sundays and holidays) on which Mr. Wade will present himself for deposition at the offices of George, Buchman & Leigh, Two Allen Center, Suite 3050, 1200 Smith, Houston, Texas, 77002 (contact: Kevin George). Mr. Wade shall confirm by telephone that Mr. Gest and Mr. Mowrey have received said writing. As soon

as reasonably possible after receipt of said writing, Mr. Gest and Mr. Mowrey shall jointly give written notice to Mr. Wade of their selection of one of the ten (10) dates as the date of the deposition. Mr. Wade shall appear at 9:00 a.m. on the selected date at the location set forth above for the purpose of giving his deposition. Mr. Wade shall remain in attendance from day to day until the deposition is completed. Mr. Gest and Mr. Mowrey, or their designees, shall be entitled to ask questions of Mr. Wade at such deposition. Said deposition shall be taken and may be used in both of the above-styled Civil Actions. The scope of said deposition shall be:

> the fee arrangement between Jerome K. Wade and the Plaintiffs in each of the twenty-three (23) cases set forth on the attached Exhibit "A"; what promises or inducements, if any, were made by Jerome K. Wade to the Plaintiffs in each of the twenty-three (23) cases concerning their lawsuit, the foreclosure on their property, any related eviction, or the monthly installments coming due on the Plaintiffs' home mortgages during the pendency of such actions; what arrangements Jerome K. Wade had with the Plaintiffs in the twenty-three (23) cases concerning the Plaintiffs' monthly installments that came due during the pendency of said actions; the fees received by Jerome K. Wade from the Plaintiffs in said actions; the actual legal services performed by Jerome K. Wade for the fees received in said actions; the amount of fees and payments received by Jerome K. Wade from the Plaintiffs in said actions; the documents set forth below; any research into any wrongful practices by any of the defendants in Civil Action No. B-97-222; any research into any range of interest rates on residential mortgages charged or collected by any of the defendants in Civil Action No. B-97-222; any other actions filed since January 1, 1996 by Jerome K. Wade against financial institutions, mortgage companies, FHA, HUD, FNMA, FHLBB, RTC, FDIC or Freddie Mac that are similar to the twenty-three (23) cases or that raise the same or similar claims as the twenty-three (23) cases ("Similar Actions"); the terms under which the Plaintiffs dismissed any of the Defendants in the twenty-three (23) cases; the reasons for non-suiting or dismissing any of the Plaintiffs or Defendants in Civil Action No. B-97-222; and, the Money Trail (which is defined to be what money was received from his clients; how was that money spent; and where is it now and at time of deposition with regard to each of the twenty-three (23) cases and any Similar Actions).

ClibPDF - www.fastio.com

At such deposition, Mr. Wade shall produce the following documents, at his cost, for inspection and copying, at Defendants' cost:

> any fee statements related to the above-styled and numbered Civil Actions; documentation of the name and address of each Plaintiff in each of the twenty-three (23) cases and in any Similar Actions; the amount of the fees and payments received by Jerome K. Wade from the Plaintiffs in the twenty-three (23) cases and in any Similar Actions; any agreements for legal services with any of the Plaintiffs in the twenty-three (23) cases or in any Similar Actions; any payments received from any Plaintiffs in the twenty-three (23) cases or in any Similar Actions for legal services provided by Mr. Wade or for expenses incurred or to be incurred by Mr. Wade; any proposal to any Plaintiffs in the twenty-three (23) cases or in any Similar Actions for the providing of legal services; any proposal to any other person from and after January 1, 1996 to provide legal services related to any Claim (which is defined as a claim or purported claim against a financial institution, mortgage company, FHA, HUD, FNMA, FHLBB, RTC, FDIC or Freddie Mac that is similar to any of the claims asserted in either of the above-styled and numbered Civil Actions); all Money Trail documents; all bank statements reflecting all deposits of the payments received from the Plaintiffs in the twenty-three (23) cases and in Similar Actions and/or reflecting all checks and withdrawals against said deposits; all correspondence and evidence of contacts with any of the Plaintiffs in the twenty-three (23) cases or any Similar Actions prior to the date the particular Plaintiff executed an engagement agreement with Mr. Wade; any documents received from any of the Plaintiffs in the twenty-three (23) cases or in any Similar Actions concerning their dealings with their respective mortgagor or mortgage servicer; any notices to any of the Plaintiffs in said actions of any intent to dismiss any of the Plaintiffs or Defendants from any of said actions; any notice to any of the Plaintiffs in said actions that any particular Plaintiff or Defendant had been dismissed from any of said actions; any statements or affidavits from any of the Plaintiffs in said actions concerning Mr. Wade's legal representation of them or what he told them about their claims; any trial settings in any of the twenty-three (23) cases or any Similar Actions, and any evidence of the date such trial setting was requested by any of the parties in such cases; all pleadings in the twenty-three (23) cases or any Similar Actions and in any eviction or forcible entry or detainer action involving any of the Plaintiffs in the twenty-three (23) cases or any Similar Actions from and after January 1, 1996; any investigation of the factual basis of the Plaintiffs' claims in any of the twenty-three (23) cases or any Similar Actions; any research into any wrongful practices by any of the defendants in Civil Action No. B-97-222; any research into any range of interest rates on

ClibPDF - www.fastio.com

residential mortgages charged or collected by any of the defendants in Civil Action No. B-97-222; any legal research conducted by or for Mr. Wade related to any of the twenty-three (23) cases or any Similar Actions; any complaints by any of the Plaintiffs in the twenty-three (23) cases or any Similar Actions concerning Mr. Wade's legal services or fees, the status of the case, or Mr. Wade's prosecution of the case; all forma pauperis or pauper's affidavits filed in, or to appeal, any eviction proceeding, or forcible entry or detainer proceeding, filed against any of the Plaintiffs in any of the twenty-three (23) cases or any Similar Actions; and all documents reviewed by Mr. Wade to verify the financial status of the persons that signed said forma pauperis or pauper's affidavits;

Provided that Mr. Wade's deposition has been completed, and provided that ten (10) days written notice has been given to Mr. Gest and Mr. Mowery, then Mr. Wade may depose Mr. Gest on or before March 16, 2000. The scope of said deposition shall be limited to the reasonableness and necessity of the legal fees and expenses sought to be recovered by Defendant TIMC in Civil Action No. B-97-222. If Defendant will seek any fees or expenses in addition to the amounts currently set forth in said Defendant's Application, then Mr. Gest shall produce such additional statements of fees and expenses at said deposition, excepting any privileged portions thereof. The deposition shall occur in Austin, Texas, at Mr. Gest's office, during normal business hours; provided that, if his deposition can be commenced and completed by Mr. Wade by 6:00 p.m. on the same day that Mr. Wade's deposition is completed, then said deposition shall occur on that day at the foregoing location in Houston, Texas. Mr. Gest's deposition may also be used by either party in Civil Action No. B-99-059.

Provided that Mr. Wade's deposition has been completed, and provided that ten (10) days written notice has been given to Mr. Gest and Mr. Mowrey, then Mr. Wade may depose Mr. Mowrey, or his designee, on or before March 16, 2000. The scope of said deposition shall be limited to the reasonableness and necessity of the legal fees and expenses sought to be recovered by Defendant FHLBB in Civil Action No. B-99-059. At said deposition, Mr. Mowrey or his designee shall produce any fee statements that reflect the fees and expenses sought to be

recovered by Defendant FHLBB in Civil Action No. B-99-059, excepting any privileged portions thereof. The deposition shall occur in Dallas, Texas, at Mr. Mowrey's office, during normal business hours; provided that, if he or his designee attend Mr. Wade's deposition, and his or his designee's deposition can be commenced and completed by Mr. Wade by 6:00 p.m. on the same day that Mr. Gest's deposition is completed, then Mr. Mowrey or his designee's deposition shall occur on that day at the foregoing location in Houston, Texas. Mr. Mowrey or his designee's deposition may also be used by either party in Civil Action No. ~~B-99-222.~~ B-97-222.

On or before March 24, 2000, Mr. Gest and Mr. Mowrey shall notify this Court, and serve notice on Mr. Wade, in writing, of their intent, on behalf of their respective clients, to pursue the Application for Attorney's Fees and Motions for Sanctions, respectively. Defendants shall be entitled to amend or supplement said Application and Motion, and accompanying exhibits and Brief, on or before April 13, 2000.

IT IS FURTHER ORDERED that a hearing on Defendant TIMC's Application for Attorney's Fees and both Defendants' Motions for Sanctions, as amended or supplemented, shall be held on MARCH 13, 2000 before the undersigned Magistrate, at 1:30 o'clock p.m. in Courtroom No. 2, Second Floor of the United States Courthouse, ~~300~~ 600 E. Harrison, Brownsville, Texas; provided however, that if either Mr. Gest or Mr. Mowrey has previously notified this Court and Mr. Wade of the intent to not pursue their respective Motions, then said hearing shall be cancelled as to said Motions without further action of this Court or the parties.

ClibPDF - www.fastio.com

No decision or recommendation was announced by this Court concerning Defendant Temple-Inland Mortgage Corporation's Motion to Sever Counterclaims (docket no. 140 in Civil Action No. ~~B-99-222)~~ B-97-222, which also requested severance of Defendant's request for fees and costs. Said Motion shall be considered by this Court at a later date, depending upon the status of this cause after the foregoing discovery has been completed.

SIGNED this 31st day of January, 2000.

HON. JOHN WM. BLACK
UNITED STATES MAGISTRATE JUDGE

Copies to:

Mr. Jerome Wade
Mr. Robert Mowrey
Mr. Darrell D. Gest

ClibPDF - www.fastio.com

# CASES FILED BY JEROME WADE AGAINST FANNIEMAE AND OTHER LENDERS AND RELATED EVICTION ACTIONS

**Status at 11/16/99**

State and Federal District Court:

| | Filing Date | Case Style | Cause No. | Class Action | Disposition |
|---|---|---|---|---|---|
| 1 | October 1996 | Reynaldo G. Amador, et al. v. Fleet Mortgage, et al; U.S. District Court, Brownsville Division (originally filed in Cameron Co. District Court, Texas | B-97-222 | X | Dismissed on July 19, 1999 - failure to plead. |
| 2 | 1998 | Ray Allen Hollis, et ux v. FNMA; 127th District Court of Harris County, Texas | 98-35378 | | Summary Judgment announced for FNMA, 12/99 * |
| | *Motion for Summary Judgment on all but one cause of action; Motion for Summary Judgment pending on that claim. | | | | |
| 3 | February 18, 1999 | Reynaldo Amador, et ux v. Federal Home Loan Mortgage Corporation; In the District Court of Cameron County, Texas; Removed S.D. Texas No. 99-B-059 | 99-02-836-C | | Summary Judgment granted Defendant 01/99t |
| 4 | March 26, 1999 | Willie R. Benevides, et ux v. FannieMae; In the 334th District Court of Harris County, Texas | 1999-15438 | X | Dismissed on 10/5/99 |
| 5 | April 1, 1999 | Albert McElroy v. FannieMae, et al.; In the 270th District Court of Harris County, Texas | 1999-16941 | X | Dismissed on 8/3/99 |
| 6 | April 19, 1999 | Ryan v. Ocwen Federal Bank; In the 127th District Court of Harris County, Texas | 1999-19902 | | No service requested |
| 7 | April 20, 1999 | Kaludi, et ux v. FannieMae, et al.; In the 281st District Court of Harris County, Texas | 1999-19945 | X | No service requested |
| 8 | April 26, 1999 | Wilson v. Homeside Lending, Inc.; In the 164th District Court of Harris County, Texas | 1999-21071 | | Pending |

**EXHIBIT "A"**

ClibPDF - www.fastio.com

| | | | | | |
|---|---|---|---|---|---|
| 9 | April 27, 1999 | Flores v. First Union Mortgage; In the 268th District Court of Fort Bend County, Texas | 108822 | X | Pending |
| 10 | May 14, 1999 | Johnny Brock, et ux v. Quality Mortgage, et al.; In the 133rd District Court of Harris County, Texas | 1999-25327 | X | No service requested |
| 11 | May 24, 1999 | Wiley, et ux v. NationsBanc Mortgage Corporation; In the 269th District Court of Harris County, Texas | 1999-26715 | X | Pending |
| 12 | June 3, 1999 | James R. Jameson v. Union Planter PMAC, et al.; In the 295th District Court of Harris County, Texas | 1999-28825 | X | Pending |
| 13 | June 8, 1999 | Presson v. Ocwen Federal Bank; In the 151st District Court of Harris County, Texas | 1999-29355 | | Pending |
| 14 | | Manuel G. Diaz, et al. v. Fleet Mortgage, et al.; In the United States District Court of Texas (Houston Division) | H-98-3501 | X | Dismissed on February 2, 1999 |
| 15 | 1999 | Bess v. Countrywide Home Loans, Inc.; In the United States District Court of Texas, Southern District (Houston) | H-99-1459 | | Summary Judgment granted 01/00 |
| 16 | June 18, 1999 | Silver v. Contimortgage Corp.; In the 113th District Court of Harris County, Texas | 1999-31197 | | No service requested |
| 17 | June 25, 1999 | Manuel Diaz, et al. v. NationsBank, et al.; In the 151st District Court of Harris County, Texas | 98-29918 | | Removed to Federal Court on 10/22/98 and dismissed |
| 18 | June 29, 1999 | Billye J. Carter v. FannieMae, et al.; In the 164th District Court of Harris County, Texas | 1999-32960 | X | Dismissed on 8/23/99 |
| 19 | July 19, 1999 | Mejia v. Homeside Lending; In the 61st District Court of Harris County, Texas | 1999-36772 | | Pending |
| 20 | August 16, 1999 | Scattolini v. Mellon Mortgage Company; In the 208th District Court of Fort Bend County, Texas | 110223 | X | Pending |
| 21 | August 19, 1999 | Smith v. Eustis Mortgage; In the 270th District Court of Harris County, Texas | 1999-42055 | | Pending |

| | | | | |
|---|---|---|---|---|
| 22 | August 20, 1999 | Biegas v. Norwest Mortgage; In the 127th District Court of Harris County, Texas | 1999-42268 | Pending |
| 23 | | Chappell v. _______________; In the Fort Bend County District Court, Texas | | |

ClibPDF - www.fastio.com