154

United States District Court
Southern District of Texas
ENTERED

APR 11 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **REYNALDO G. AMADOR, et al.,** | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | B-97-222 |
| **FLEET MORTGAGE CORP., et al.,** | § | |
| Defendants. | § | |

### ORDER GRANTING
### DEFENDANT TEMPLE-INLAND MORTGAGE CORP.'S
### EXPEDITED MOTION TO COMPEL DEPOSITION TESTIMONY FROM
### PLAINTIFFS' COUNSEL, JEROME WADE

On this date came for consideration Defendant, Temple-Inland Mortgage Corp.'s, Expedited Motion to Compel Deposition Testimony from Plaintiffs' Counsel, Jerome K. Wade, and the Court, having considered same and any response filed by any party, finds that the grounds for such relief that are recited in Defendant's Motion exist and warrant such relief. Accordingly,

It is ORDERED that Jerome K. Wade shall answer questions at the continuation of his deposition in this Civil Action and in Civil Action B-99-059 on the following subject matters:

    a.    Why Mr. Wade did not respond to any Requests for Admissions served on any of his clients in this Civil Action. *See* pages 84-85 of Mr. Wade's March 1, 2000 deposition attached to Defendant's Motion as Ex. "A";

    b.    Why Mr. Wade did not respond to any of the defendants' motions for summary judgment or motions to dismiss in this Civil Action even though he claims he had all of the facts he needed to go to trial in this

        Civil Action. *See* pages 281-282 of Mr. Wade's deposition attached to Defendant's Motion;

c.     Why Mr. Wade filed other lawsuits similar to this Civil Action, but never requested service of process on some defendants in the 23 cases or any Similar Action (as defined in this Court's January 31, 2000 Order Granting Limited Discovery & Setting Hearing). *See* page 269 of Mr. Wade's deposition attached to Defendant's Motion;

d.     Whether the two other clients with complaints about Mr. Wade's legal services were involved in any of the 23 cases (page 43, lines 20-22, of deposition attached to Defendant's Motion), and if so, then the identities of the other two clients and the specific nature of their complaints (*See* pages 43-44 of Mr. Wade's deposition attached to Defendant's Motion);

e.     The nature and a description of the legal services that Mr. Wade allegedly provided to Charlotte Bess, one of the plaintiffs in one of the "23 cases" that were the subject of the deposition and this Court's January 31 and February 9, 2000 orders granting such deposition. *See* pages 106 – 107 from Mr. Wade's deposition attached to Defendant's Motion;

f.     Why Mr. Wade did not respond to the summary judgment filed by the defendant in the Charlotte Bess case. *See* page 107 from Mr. Wade's deposition attached to Defendant's Motion; and,

g.     The response of the Amadors (lead Plaintiffs in this Civil Action) to Mr. Wade upon their learning about the granting of the defendants'

2

summary judgments in this Civil Action (*See* page 129 from Mr. Wade's deposition attached to Defendant's Motion), and what Mr. Wade told the Amadors about the granting of the motions for summary judgment in this Civil Action.

It is FURTHER ORDERED that Jerome K. Wade shall produce his "scratch file" (*See* pages 290 – 291 from Mr. Wade's deposition attached to Defendant's Motion as Exhibit "A") to Defendant for Defendant to review same and make a copy thereof.

SIGNED this 28TH day of March, 2000.

HON. JOHN WM. BLACK
U. S. MAGISTRATE JUDGE

3